# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 26-1539

**Short Case Caption:** Zhang v. Parties Identified on Schedule A

**Filing Party** Appellant Shuangxi Zhang

**Instructions.** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. An amended docketing statement is required for each new appeal or cross-appeal consolidated after the first filing.

Issues to be raised on appeal:

See attached Attachment A page.

Relief awarded below (if damages, specify): ☐ None/Not Applicable

See attached Attachment A Page.

Briefly describe the judgment/order appealed from:

Order Granting in part and denying in part Plaintiff's Motion for Preliminary Injunction.

| Nature of Judgment (select one:) | Date of Judgment: 2/12/2026 |
|---|---|

☐ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☒ Interlocutory Order (specify type) Order on Motion for Preliminary Injunction
☐ Other (explain) _____

Date: 4/2/2026

Signature: /s/ Qianwu Yang

Name: Qianwu Yang

**United States Court of Appeals for the Federal Circuit**
**Docketing Statement**
**Attachment A**

26-1539
Zhang v. Parties Identified on Schedule A

**Issues to be raised on appeal:**

1. Whether the district court abused its discretion in denying Appellant's motion for a preliminary injunction as to the seven appellees named in *Zhang v. KALIYADI, et al.*, No. 1:25-cv-10942 (N.D. Ill.) (the Illinois Action), and as to the additional five objecting appellees, by relying on the prior Northern District of Illinois temporary restraining order ruling and related factual findings rather than independently applying the governing preliminary-injunction standard to the record before it.

2. Whether the district court erred in narrowly construing the scope of the asserted design patent based on an unsupported premise that the field was crowded with qualifying prior art.

3. Whether the district court erred in concluding that Appellant failed to establish a likelihood of success on the merits of design-patent infringement.

4. Whether the district court erred in concluding that Appellees had raised sufficient issues of vulnerability based on prior art to defeat preliminary relief, including by accepting objections based on alleged prior-art references that Appellant contended did not qualify as prior art.

**Relief awarded below (if damages, specify):**

The district court granted in part and denied in part Appellant's motion for a preliminary injunction. The court denied preliminary injunctive relief as to the seven appellees that had been involved in the Illinois Action and as to five other objecting appellees and granted preliminary injunctive relief as to certain remaining non-appearing appellees who were not part of the Illinois Action.